IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, for and on behalf of Wolff & Son Electric, Inc., <br><br> Plaintiff(s), <br><br> v. <br><br> LGC Global Inc., Avinash Rachmale, individually, and Westport Insurance Corporation, <br><br> Defendants. | Civil Action No. 2:25-cv-11559-BHH <br><br><br> **COMPLAINT** <br> (Miller Act Bond Claim), <br> (Breach of Contract) <br> (Unfair Trade Practices) |

NOW COMES Plaintiff, United States of America for the use and benefit of Wolff & Son Electric, Inc., (hereinafter, "Wolff"), which brings this action, and shows unto this Honorable Court the following:

**THE PARTIES, JURISDITION AND VENUE**

1.      This claim is brought in the name of the United States of America for the use and benefit of Wolff pursuant to 40 U.S.C. § 3133(b)(3)(A), and by Wolff in its own right to recover amounts due it pursuant to a subcontract and a Miller Act payment bond.

2.      The Plaintiff, Wolff, is a corporation duly organized and existing under the laws of the State of South Carolina and is in the business of mechanical contracting work.

3.      The Defendant LGC Global Inc. (hereinafter "LGC") is a corporation duly organized and existing under the laws of the State of Michigan, is in the business of federal government contracting, and conducts business in South Carolina.

4. The Defendant Avinash Rachmale (hereinafter "Rachmale"), is upon information and belief the President of LGC and knowingly participated in, authorized, ordered, and helped perpetuate the tortious actions against Wolff alleged herein.

5. The Defendant Westport Insurance Corporation (hereinafter "Westport" or "Surety"), is, upon information and belief, a corporation that conducts business in the State of Missouri and issued payment bond No. 9000-0045 to LGC as required by the Miller Act to guarantee payment for services, labor and material performed by subcontractors on a federal government construction project.

6. This Court has jurisdiction of this action pursuant to 40 U.S.C. §§3131 and 3133.

7. Venue is proper in this judicial district because the claim arose and the work was performed in this District.

## FACTUAL ALLEGATIONS

8. Wolff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth here.

9. LGC entered into Contract No. W9112HP21C0003 with the U.S. Army Corps of Engineers, an agency of the US government (hereinafter "the government"), for the water supply line(s) for Winding Woods Water Supply Project at the Lake Marion Regional Water System with portions owned, operated and maintained by both Santee Cooper and Dorchester County (hereinafter "the Project").

10. In connection with work on the Project, LGC entered into a subcontract with Wolff (hereinafter "the Subcontract") to provide certain labor, materials, and equipment relating to electrical work on the Project.

11.     Wolff provided labor and material on the Project within one year of the date of the filing of this Complaint.

12.     LGC has failed and refused to pay Wolff the amount owed to Wolff and the amount paid to LGC by the government for labor and materials provided by Wolff.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract as to Defendant LGC Global Inc. "LGC")

13.     Wolff incorporates by reference each and every preceding allegation as though fully set forth herein.

14.     The government and LGC entered into a federal government construction contract, whereby LGC contracted to furnish and install water pipes and all associated work including all pipe, valves, appurtenances, roadway bores, horizontally directionally drilled pipe, backfill, compaction, testing, quality control, safety and all other related work at Winding Woods Water Supply Project at the Lake Marion Regional Water System, all as more fully set forth in the Contract for the Project.

15.     LGC and Wolff entered into the Subcontract whereby Wolff agreed to supply certain labor and materials relating to electrical work on the Project.

16.     Wolff supplied labor and materials on the Project in performance of its obligations under the Subcontract and as requested and directed by LGC.

17.     During the course of performance Wolff submitted invoices and pay applications for labor and material provided under the terms of the Subcontract.

18.     Upon information and belief, LGC submitted pay applications to the government for work performed by Wolff; however, LGC has failed and refused to pay Wolff the amount owed to Wolff and the amount paid by the government to LGC for the work performed by Wolff.

19. By letter dated April 17, 2025, Wolff submitted a demand for payment to LGC pursuant to S.C. Code Ann. § 27-1-15; however, LGC failed to respond to the demand.

20. The failure by LGC to pay Wolff is a breach of the Subcontract Agreement.

21. As a direct and proximate result of the breach by LGC, Wolff has been damaged and is entitled to actual damages of One Hundred Thirty-Five Thousand Eight Hundred Twenty-Four and 70/100 ($135,824.70) Dollars and is entitled to interest and attorneys' fees as provided by § 27-1-15 of the SC Code.

## FOR A SECOND CAUSE OF ACTION
### (Miller Act Bond Claim as to Defendant Great Midwest Insurance Company)

22. Wolff incorporates by reference each and every allegation in preceding paragraphs as though fully set forth herein.

23. Wolff submitted pay applications to LGC for the work performed on the Project; however, LGC has failed to pay the amount due.

24. Wolff provided timely written notice to Surety of the unpaid amount justly due and owed for labor and material provided on the Project prior to filing this Complaint.

25. As a direct and proximate result of LGC's failure to pay Wolff for its labor, material and services provided in connection with the aforesaid subcontract, and pursuant to the terms of the Miller Act, Wolff is entitled to payment in the amount of One Hundred Thirty-Five Thousand Eight Hundred Twenty-Four and 70/100 ($135,824.70) Dollars from Surety pursuant to the Miller Act.

## FOR A THIRD CAUSE OF ACTION
### (Unfair Trade Practices as to LGC and Rachmale)

26. The allegations set forth in preceding paragraphs are repeated and realleged as fully as if said matters were set forth herein verbatim.

27. Pursuant to the terms of the Subcontract, Wolff submitted pay applications to LGC

and LGC, in turn, submitted pay applications to the government based on Wolff's pay application.

28. Upon information and belief, LGC submitted pay applications to the government for the work performed by Wolff and certified on the pay applications to the government that LGC would pay Wolff with the funds received from the government for the work performed.

29. Upon information and belief, the government paid LGC based on the certified pay applications submitted by LGC.

30. LGC received payment for Wolff's work based on the certified pay applications submitted by LGC.

31. LGC failed to pay Wolff with the funds received from the government for the work performed by Wolff despite having certified that Wolff would be paid from the funds.

32. The failure to pay Wolff with funds received from the government for Wolff's work is a violation of both state and federal law, including both the South Carolina and the federal prompt payment acts.

33. Upon information and belief, at all times relevant herein, the Defendant Rachmale knowingly participated in, authorized, ordered, and helped perpetuate the tortious actions against Wolff alleged herein specifically including withholding payment due Wolff for work that was already performed and for which the government had already paid LGC.

34. The failure and refusal of LGC and Rachmale to pay Wolff when payment from the government had been received is an unfair and deceptive act as defined by the South Carolina Unfair Trade Practices Act and is a violation of the Federal Prompt Payment Act.

35. Upon information and belief, at all times relevant herein, the Defendant, Bartlett, knowingly participated in, authorized, ordered, and helped perpetuate the tortuous actions against Wolff alleged herein specifically including withholding payment from Wolff for work that was already performed and for which the Government had already paid LGC.

36.  The Defendants' actions as set forth herein affect the public interest, are capable of repetition, and have been repeated by the Defendants.

37.  The Defendants' actions as set forth above were willful and knowing with total disregard for the rights of Wolff and other members of the public.

38.  As a direct result of the unfair trade practices by LGC and Rachmale, Wolff is entitled to an award of actual damages, treble damages, costs, and attorney's fees as provided by the Unfair Trade Practices Act.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual damages of One Hundred Thirty-Five Thousand Eight Hundred Twenty-Four and 70/100 ($135,824.70) Dollars, treble damages under the Unfair Trade Practices Act claim, damages allowed under the Miller Act, plus interests, attorney's fees as may be allowed at law, costs and for such other and further relief as this Court deems just and proper.

Respectfully submitted.

**KOONTZ LAW, LLC**

*/s/ Wm. Mark Koontz*
Wm. Mark Koontz (Fed Bar #7840)
1058 East Montague Avenue
North Charleston, South Carolina 29405
T: (843) 225-4252
F: (843) 277-9120
E: mark@koontzlaw.com
**Attorney for Plaintiff**

August 26, 2025
North Charleston, South Carolina